**BALDWIN OILS & COMMODITIES, Inc.**
**v. ROSINOFF et al.**

No. 186, Docket 22255.

United States Court of Appeals
Second Circuit.

Argued Feb. 15, 1952.

Decided March 6, 1952.

---

986

Herman G. Robbins, Brooklyn, N. Y., for bankrupts-appellants.

Lester Grossman, New York City, for appellee.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

PER CURIAM.

Baldwin Oils & Commodities, Inc., a creditor of the above-named bankrupts objected to their discharge and succeeded in having it barred by the referee and the district court because the two bankrupts (1) had obtained credit from the objecting creditor upon a materially false financial statement in writing, (2) had failed to keep books of account and records from which their financial condition might be ascertained, and (3) because the bankrupt Samuel J. Rosinoff had knowingly and fraudulently made a false oath in the bankruptcy proceedings.

All the specifications upheld by the court below involved questions of fact or inferences reasonably drawn from the testimony and nothing is presented to us to indicate that the findings on which the order appealed from was based were clearly erroneous or were even findings with which we would differ had we been the court of first instance. Morris Plan Industrial Bank v. Henderson, 2 Cir., 131 F.2d 975.

The appellants first argue that the objecting creditor did not extend credit to the bankrupts in reliance on the indisputably false financial statement made to the creditor in writing about April 14, 1950, but on a trade report which the creditor had received on April 4th or 5th. The referee had the witnesses before him and believed the testimony of Rubenstein, the president of the objecting creditor, who not only straightened out any confusion in the dates but swore that he would never have extended credit on the earlier trade report. We find no error in dealing with this first specification but only some dispute as to the proper inference to be drawn from the differing testimony of the bankrupt Samuel Rosinoff and Rubenstein.

As for the books of the bankrupts there was no serious dispute of the finding that they were insufficient and that the firm ledgers did not meet the requirements. It is argued that if all the papers and records of the bankrupts had been produced the requirements might have been satisfied. But there was no evidence that there were other records. Enough was shown to call upon the bankrupts to produce such records if they existed and would support their defense. As for Mrs. Rosinoff— whose husband said she knew nothing about the business—she was a full partner and responsible as such for the acts and neglects of the firm so far as they affected her civil obligations.

Finally, Samuel Rosinoff claims that he made a pardonable blunder, and not a false oath, when he testified that he withdrew $7 from the partnership account rather than $700 (the sum he actually withdrew). Whether he was telling the truth or attempting to hide something or to conceal assets was a matter for the referee to determine and not an appellate court.

The order sustaining the objections is accordingly affirmed.